IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM M. LEIMAN,
    Plaintiff,

vs.                                      Case No. 5:05cv50/LAC/EMT

P.E. CRAWFORD, et al.,
    Defendants.
_____/

**ORDER, REPORT AND RECOMMENDATION**

    Plaintiff initiated this action by filing a civil rights complaint pursuant to Title 42 U.S.C. §1983 (Doc. 1).  Pending are Plaintiff's Notice of Case Number Discrepancy (Doc. 4) and Motion to Clarify and Confirm Proper Case Number and the Clarification of Receipt of $150.00 (Doc. 5). In Plaintiff's notice of discrepancy, Plaintiff requests that the court clarify which case number is assigned to his action, Case No. 5:05cv50/LAC/EMT or Case No. 5:05cv48/RH/WCS, and suggests that two different case numbers have been assigned to the same action.  In actuality, Plaintiff has submitted *three* separate actions (the cases listed above, as well as Case No. 5:05cv41/RH/WCS). The Clerk of Court opened three cases and activity has occurred in each case.  Therefore, on April 8, 2005, Magistrate Judge William C. Sherrill directed Plaintiff to clarify his intentions (*see* Case No. 5:05cv48/RH/WCS, Doc. 9).  In response, Plaintiff filed a document (*id.*, Doc. 12) which reveals his intent to proceed only with Case No. 5:05cv48/RH/WCS and to voluntarily dismiss his other two cases.  Although Plaintiff has not filed a request for voluntary dismissal in the instant case, the court takes judicial notice of Plaintiff's filing in 5:05cv48/RH/WCS (Doc. 12) and directs the Clerk of Court to file a copy of that pleading in the instant case file.

    Additionally, Plaintiff filed a pleading in Case No. 5:05cv48/RH/WCS (Doc. 10), similar to the one filed in the instant case, in which he seeks clarification of filing fee issues.  In response,

Judge Sherrill directed that any filing fees paid by Plaintiff be credited to those owing in the only case that will proceed (*see* Case No. 5:05cv48, Doc. 13); thus, Plaintiff shall not be required to pay any fee in the instant case, assuming that this Report and Recommendation is adopted and the instant matter is dismissed.

As to Plaintiff's notice of voluntary dismissal, Federal Rule of Civil Procedure 41(a)(1) provides that an action may be dismissed without an order of the court (i) by filing a notice of dismissal at any time before the adverse party serves an answer or a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Here, Defendants have not served an answer nor made a motion for summary judgment. Thus, it appears that Plaintiff is automatically entitled to a voluntary dismissal at this time.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Clarify and Confirm Proper Case Number and the Clarification of Receipt of $150.00 is **GRANTED** in part. The motion is granted to the extent it seeks to clarify the filing fee issue. If this Report and Recommendation is adopted, Plaintiff shall owe no filing fee in this case. The motion is **DENIED** as moot to the extent it seeks to clarify case numbers, as this matter has already been resolved by Magistrate Judge William C. Sherrill.

2. The Clerk of Court shall file a copy of Plaintiff's Notice of Voluntary Dismissal (Case No. 5:05cv48/RH/WCS, Doc. 12) in the court file for the instant case.

And it is respectfully **RECOMMENDED**:

1. That Plaintiff's Notice of Voluntary Dismissal (Case No. 5:05cv48/RH/WCS, Doc. 12) be **GRANTED**, and this action be **DISMISSED without prejudice**.

2. That the clerk of court be directed to close the file.

At Pensacola, Florida this 15th day of April, 2005.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 5:05cv50/LAC/EMT

## NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**